**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| E! ENTERTAINMENT TELEVISON, INC., a Delaware corporation,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>ENTERTAINMENT ONE GP LIMITED, a Canada corporation, DBA E1 Entertainment; E1 TELEVISION PRODUCTIONS, LTD., a Canada corporation, DBA E1 Television, DBA E1 Television International; E1 FILMS CANADA, INC., a Canada corporation DBA E1 Films; E1 ENTERTAINMENT GP LLC, a Delaware limited liability company; E1 ENTERTAINMENT U.S. LP, a Delaware limited partnership,<br><br>Defendants - Appellees. | No. 09-55937<br><br>D.C. No. 2:09-cv-01778-R-RC<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted December 7, 2009
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: PREGERSON and PAEZ, Circuit Judges, and MAHAN,[**] District Judge.

Plaintiff-Appellant E! Entertainment Television, Inc. ("E!") appeals the district court's denial of its motion for a preliminary injunction against Defendant-Appellee Entertainment One GP Limited. This court reviews the denial of a preliminary injunction for abuse of discretion. *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

E! argues that the district court erred in finding that E! failed to demonstrated a likelihood of success on the merits of its federal trademark infringement claim under 15 U.S.C. § 1114. In order to show a probability of success in a cause of action for trademark infringement, an appellant must show that a likelihood of confusion exists. *Sardi's Restaurant Corp. v. Sardie*, 755 F.2d 719, 723 (9th Cir. 1985). We "review the district court's determination of likelihood of confusion for clear error." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1135 (9th Cir. 2006). Having reviewed the district court's application of the *Sleekcraft* factors, *see AMF, Inc. v. Sleekcraft Boats*, 599 F.2d

---

[**] The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

2

341 (9th Cir. 1979), we conclude that the district court did not clearly err in finding there is no likelihood of confusion between the parties' marks.

E! also argues that the district court erred in finding that E! did not demonstrate a likelihood of success on its claim under 15 U.S.C. § 1125(c). We have held that a party seeking relief under 15 U.S.C. § 1125(c) must demonstrate that the marks are "identical, or nearly identical," so that a "significant segment of the target group of customers sees the two marks as essentially the same." *Thane Int'l, Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 906 (9th Cir. 2002) (quoting *Playboy Enterprises, Inc. v. Welles*, 279 F.3d 796, 806 n.41 (9th Cir. 2002)). We conclude that the district court did not err in finding that the parties' respective marks are not nearly identical under this standard. *Cf. Thane*, 305 F.3d at 907 (concluding that a reasonable finder of fact could find "Trek" and "OrbiTrek" identical or non-identical for dilution purposes).

Having concluded that the district court did not abuse its discretion in finding that E! failed to demonstrate a likelihood of success on the merits of its infringement or dilution claims, we need not address the remaining three factors of the preliminary injunction inquiry. *See Winter v. Natural Res. Def. Council, Inc.*, --- U.S. ----, 129 S.Ct. 365, 374 (2008); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 877 (9th Cir. 2009).

3

All pending motions are denied as moot.

**AFFIRMED.**